Judge Owsley
delivered the Opinion of the Court.
This is an appeal from a judgment recovered by Sanders, in an action of covenant brought by him upon a deed executed by Thompson to John Kincaid, for the conveyance of a tract of land in the county of Mercer.
The declaration, after alleging the conveyance by Thompson, states that the land has been since conveyed by Kincaid to' Sanders, and by Sanders to Williams, and without setting out any covenant on the part of Thompson to warrant the title by him conveyed to Kincaid, a breach of covenant is allege ed by averring that part of the land conveyed by Thompson, has been recovered by an adverse paramount title, in a suit brought against Williams, to whom Sanders had conveyed the land.
It is a matter of no little surprise, that in a case of so much interest to the parties, there should have been a recovery against the defendant in the court below, upon a declaration so totally destitute of allegation to show any ca^f3 of action. There is not even a suggestion in the declaration that the deed which was executed by Thompson contains any covenant pf warranty whatever; much less sucli a *358 covenant as could have been broken by the recovery alleged to have been had against Williams, a remote Vendee. But were it practicable to get over this defect in the declaration by drawing to its aid the covenant of warranty contained in the deed, which is made part of the record, by oyer, still the facts alleged show conclusively, that Sanders has no existing cause of action against Thompson.
warranty of the remote a renor. Alienee of . land evicted by title paramount, may maintain his action on the
This is on the privity of oscorftract and therefore’ the action is, in the genera], maintainable mltnvict ed. J
Casein which veyancermay maintain the anantl0fthV" warranty of his remote alienor.
In such case the declaration must shew how the plaintiff acquired the right of action which accrued to his evicted alienee.
Covenants of warranty, we admit, will run with the land, so as to authorize an action in favor of a remote vendee, who may. be evicted from the land by a paramount title.
In such a case, however, the action is maintaina-; hie, not upon the privity of contract, but upon the privity of estate, and must, in the general, he brought ]-,y the vendee who is evicted. According to this general rule, therefore, Sanders is shown to have no cause of action, because the land is alleged by him *n declaration, to have been conveyed to Williams, against whom the land is also alleged to have been recovered by the paramount title,
If after Williams was evicted from the land, he had reassigned the covenant of warranty contained in the deed of conveyance,, executed by Thompson. to Sanders; or if the right of Williams to recourse up0n Thompson had been extinguished by payments actually made to him by Sanders, there might be some plausibility in taking the case of Sanders out the general principle to which we have adverted, and allow the action to be maintained by him against Thompson, as was done in the analagous case of Hann vs. Birney, 3 Marshall 322.
But in such a case, the declaration to. be good, should set out the facts going to. show the right of Sanders to the recourse which, in consequence of the conveyance to Williams, and his eviction from the land might have been asserted by Williams, in an action against ThompsáB Nothing of the sort is, however, contained iiiTOie declaration, and assuming the facts alleged in the declaration to be true, if any cause of action be contained in the declaration, it must, upon general principles, be a right of *359 action in Williams, and not in Sanders, by whom the action was brought.”
Mandate for the plaintiff whose judgment is reversed here, to have leave, if he apply, to amend his declaration.
Crittenden, for appellant; Hoggin and Loughborough, for appellee.
The declaration is, therefore, radically defective, and for that cause the judgment must be reversed.
Many other questions were made in the progress of the cause, in the court below, and relied upon in this court; but as the cause must be reversed for the defect in the declaration, and as it is probable from the facts alleged in the declaration, that Sanders has no right to maintain the action, we have not thought it necessary or proper to go into an investigation of those questions.
The judgment is reversed with cost, the cause remanded to the court below, with leave to Sanders to amend his declaration, should he desire to do so; and if he shall not amend his declaration, judgment must be entered against him; but should he so amend his declaration as to state a good cause of action, then such further proceedings must be had as may not be inconsistent with this opinion.